ADDISON J. LYON, APPELLANT, *v.* PETER KRAMER, RESPONDENT.

| 24  231'
| 76  500

*Conversion of a building — what amounts to.*

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit. The action was brought to recover for the conversion of a building and its contents which were alleged to belong to the plaintiff.

The defendant was the owner of a lot fronting on Fourth avenue, in the village of Mt. Vernon, Westchester county. On it was a small frame building belonging to the plaintiff, used by him as a law office, and containing some articles of office furniture. The front building came near the sidewalk, and between this building and the next building on the street, also belonging to the defendant, was a vacant lot owned by the defendant. The office had a front door opening into the street, and a back door. Along the front of the vacant lot was a fence, with a gate. While the plaintiff was away, the defendant caused the fence in front of the vacant lot to be extended along his (defendant's) lot, in front of the plaintiff's office, close to but without touching it, thereby cutting off all ingress thereto from the street. The defendant never interfered in any way with the building or its contents, and never took possession of it or exercised any control over it. The plaintiff brought this action against the defendant for the conversion of the office and its contents.

The court at General Term said : " The erection of the fence was a palpable invasion of the plaintiff's possession. It obstructed ingress and egress to and from his building. It does not appear whether his building stood close to the line of the street or not, but the fact, however it may be, is not material. The stoop or platform was part and parcel of the building, and the fence ran across that. As owner and occupier of the building, the plaintiff had an easement in the space between the street and the entrance to the building, and the fence encroached upon and obstructed that easement. The creation of such an obstruction was an actionable wrong and entitled the plaintiff to nominal

damages at least. (*Dixon* v. *Clow*, 24 *Wend.*, 191; *Ashby* v. *White*, 2 *Ld. Raymond*, 938; *Embrey* v. *Owen*, 6 *Exch.*, 368.) There was evidence, also, which would have justified the jury in finding that the building was a chattel. It was upon the defendant's land but the plaintiff claimed to be the owner, and the defendant, in his answer, admitted that the plaintiff was the reputed owner of the building. It might well be inferred, therefore, that the parties had agreed that the building should be considered as not annexed to the freehold, in which case it would be a personal chattel. (*Smith* v. *Benson*, 1 Hill, 176; *Mott* v. *Palmer*, 1 Comst., 564; *Harris* v. *Frink*, 49 N. Y., 28; *Tifft* v. *Horton*, 53 id., 382.) Any distinct act of dominion wrongfully exerted over the property of another in denial of his right, or inconsistent with it, is a conversion. The evidence was sufficient *prima facie* to show that the building of the fence was such an act of dominion. The nonsuit, therefore, was erroneous, and the judgment must be reversed and a new trial granted, with costs to abide the event."

*Pelham L. McClellan*, for the appellant.

*Martin J. Keogh*, for the respondent.

Opinion by GILBERT, J.; BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and a new trial granted, costs to abide event.